IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,798 




EX PARTE RODNEY WALSH, Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM HARRIS COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of murder with sudden passion and his
punishment was assessed at thirty-five years imprisonment after Applicant was found to be
a habitual offender. This conviction was affirmed, Walsh v. State, No. 11-00-051-CR (Tex.App.
- Eastland, delivered May 31, 2001, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for discretionary
review because his appellate attorney told him that counsel would file the petition, but never
filed one. An affidavit filed by appellate counsel, found true by the trial court, verifies this
allegation.

 Therefore, Applicant is entitled to relief. See Ex parte Wilson, 965 S.W.2d 25
(Tex.Cr.App. 1997). The proper remedy in a case such as this is to return Applicant to the
point at which he can file a petition for discretionary review. He may then follow the proper
procedures in order that a meaningful petition for discretionary review may be filed. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the
Court of Appeals' decision had been rendered on the day the mandate of this Court issues. We
hold that should Applicant desire to seek discretionary review, he must take affirmative steps
to see that his petition is filed in the Court of Appeals within thirty days after the mandate of
this Court has issued.


DELIVERED: October 15, 2003

DO NOT PUBLISH